OLIVER N. PAULSON and SANDRA N. PAULSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Paulson v. Commissioner
Docket No. 7996-80.
United States Tax Court
T.C. Memo 1981-613; 1981 Tax Ct. Memo LEXIS 131; 42 T.C.M. (CCH) 1499; T.C.M. (RIA) 81613; October 20, 1981. William P. Hardeman, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was called for trial at Dallas, Texas, on September 14, 1981. A notice setting the case for trial had previously been served on petitioners. The case was also called at the same time for hearing on petitioners' motion for summary judgment filed on August 28, 1981. When the case was called for trial, respondent appeared through counsel but there was no appearance by or on behalf of petitioners. Respondent filed a motion requesting the Court to dismiss the case for failure to prosecute and *132 to enter a decision determining that there are deficiencies and additions to tax due from petitioners as set forth in the notice of deficiency dated March 7, 1980, a copy of which is attached to the petition in this case. The record discloses that petitioners, husband and wife, who resided in Keller, Texas, on May 27, 1980, when they filed their petition in this case, filed a joint Federal income tax return for the calendar year 1976 with the Internal Revenue Service at Austin, Texas. respondent, on March 7, 1980, mailed to petitioners a notice of deficiency determining a deficiency in petitioners' income tax for the calendar year 1976 in the amount of $ 4,386.60 and additions to tax under section 6651(a) [1] and section 6653(a) in the amounts of $ 218.38 and $ 219.33, respectively. Petitioners in their motion for summary judgment state that respondent should be required to prove that he has jurisdiction to determine deficiencies against petitioners, that respondent's administrative record should be stricken, that respondent *133 should be enjoined from determining any tax against petitioners, that this Court is without jurisdiction over this case, that the Administrative Procedures Act has not been complied with, that respondent has the burden of proof, that the acts of respondent and his representatives in investigating petitioners' tax liability violated their civil rights, and that petitioners' constitutional rights have been violated. The record shows that petitioners filed a timely petition with this Court from a notice of deficiency properly mailed to them by respondent. Therefore, this Court has jurisdiction to redetermine petitioners' tax liability for the year 1976. Section 6213. The various matters complained of by petitioners in connection with the investigation of their tax liability by respondent in no way affect the jurisdiction of this Court. If, in fact, there were any irregularities in respondent's activities in investigating petitioners' tax return for the year 1976, such irregularities do not show on the face of this record. Generally this Court is not concerned with the nature of an investigation of a taxpayer's tax liability. Once a deficiency notice has been issued the taxpayer *134 has the burden of proving the determination in that notice to be incorrect. However, if a taxpayer can show that the determination of the Commissioner was arbitrary and unreasonable, this fact might result in the Commissioner's having the burden of showing the amount of tax due. See . Where a taxpayer claims that the Commissioner's determination is arbitrary and unreasonable, the burden is on him to establish that fact. No facts appear in this record to support any of the arguments made by petitioners in their motion for summary judgment. A motion for summary judgment is not properly taken where there are issues of facts to be determined. We therefore hold that petitioners' motion for summary judgment is not well taken and this motion will be denied. As heretofore stated, the burden of establishing error in respondent's determination as set forth in the notice of deficiency is on petitioners. Here, petitioners did not appear at the trial and they have made no showing of any error in respondent's determination.Therefore, respondent's motion that the Court dismiss *135 this case for failure to prosecute and determine deficiencies as set forth in the notice of deficiency will be granted. An appropriate order and decision will be entered. Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect during the year here in issue.↩